IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| SAMUEL L. MCCRARY,<br><br>Plaintiff,<br><br>v.<br><br>B. BENFIELD Detective Sued in Individual Capacity, and ROWAN COUNTY/OFFICERS Sheriff's Office,<br><br>Defendants. | ) | 1:24-CV-428 |

**ORDER**

The plaintiff Samuel L. McCrary, a prisoner of the State of North Carolina, filed suit against the defendant B. Benfield, identified as a detective in the Rowan County Sheriff's Office, and against "Rowan County/Officers – Sheriffs office," alleging wrongful arrest, prosecution, and detention, in violation of his constitutional rights. Doc. 2 at 2–5. Detective Benfield moved for summary judgment, Doc. 22, and the Magistrate Judge has recommended granting that motion. Doc. 27. Mr. McCrary has objected to certain aspects of the recommendation. Doc. 29. The Court finds no error in the recommendation, adopts it in full, and grants the motion for summary judgment. If Mr. McCrary takes no action within 21 days to prosecute his remaining claim, as set forth below, the Court will dismiss it.

In his objections, Mr. McCrary contends he is innocent of all charges, that he was wrongfully convicted, and that he is in process of post-conviction challenges to his convictions. *Id.* at 1, 5–6. He also maintains that Detective Benfield is responsible for

directing his arrest on May 5, 2023, and ordering his suicide watch restrictions after he was placed in detention. *Id.* at 1–4. He pleads for his release and seeks to have this case held open until he is released. *Id.* at 7.

Mr. McCrary's objections do not undermine the reasons for dismissal set forth by the Magistrate Judge. The neutral magistrate's issuance of a warrant, combined with Mr. McCrary's guilty plea, establishes that there was probable cause to arrest him on July 20, 2023, for the offenses of indecent liberties with a child and child abuse. Doc. 27 at 6. Mr. McCrary's assertions of innocence and references to ongoing post-conviction challenges are not sufficient to create a genuine issue of material fact as to probable cause for his arrest. *See Humphreys v. Rowan-Salisbury Bd. of Educ.*, No. 21-CV-432, 2023 WL 2692433, at *6 (M.D.N.C. Mar. 29, 2023) (holding that probable cause was established "notwithstanding the fact that her convictions were reversed on appeal").

As for the May 5, 2023, arrest for driving with a revoked license, the Magistrate Judge correctly noted that a plaintiff must prove that a defendant "acted personally in the deprivation" of constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017). All the evidence shows that Detective Benfield did not order or participate in the arrest and he was not involved in the magistrate's bond determination. Doc. 27 at 5. Instead, a "patrol unit" stopped and arrested Mr. McCrary for this offense. *Id.* at 2. In the absence of any evidence that Detective Benfield was personally involved in the allegedly wrongful arrest, the claim against him must be dismissed. In addition, even if it is reasonable to infer that Officer Benfield "ordered" the arrest as Mr. McCrary suggests, Doc. 29 at 2, there is no viable wrongful arrest claim because the undisputed facts show

there was probable cause for that arrest. Doc. 23-1 at ¶ 3; *see District of Columbia v. Wesby*, 583 U.S. 48, 54 n.2 (2018) (noting that "an arrest is lawful if the officer had probable cause to arrest for any offense, not just the offense cited at the time of arrest").

The Magistrate Judge correctly determined there are no facts supporting an inference that Detective Benfield was responsible for the manner of his confinement on suicide watch. Doc. 27 at 7. The undisputed evidence shows that responsibility rested with detention center staff. *See* Doc. 23-1 at ¶ 14; *see, e.g., Williamson v. Stirling*, 912 F.3d 154, 172 (4th Cir. 2018) (dismissing pre-trial confinement claims against officers not involved in jail placement). Merely reporting information to the detention center staff, if that is what Detective Benfield did, does not make Detective Benfield responsible for decisions staff thereafter makes. Without personal involvement, Detective Benfield is not liable pursuant to § 1983. *See Wilcox*, 877 F.3d at 170.

Upon appropriate review, including de novo review of those matters as to which the plaintiff has specifically objected, the Court finds no error in the Magistrate Judge's analysis. The recommendation is adopted in full.

Finally, Mr. McCrary has not filed proof of service of the remaining defendant named as "Rowan County/Officers – Sheriffs office." Doc. 2 at 2. In January 2025, the Court ordered that Mr. McCrary "must fill out a summons for each defendant, including an address suitable for service, and then return the summons(es) to the Clerk." Doc. 8 at 2. The Court warned that "[f]ailure to provide a summons with an address wherein service may be made on any defendant will result in the dismissal of the action as to all such unserved defendants." *Id*.

Mr. McCrary sought a summons for Detective Benfield, but he did not provide a summons directed to the other defendant, *see* Doc. 11, identified in the complaint as "Rowan County/Officers – Sheriffs office," Doc. 2 at 2. It is highly unlikely that this is an appropriate defendant, as it is unclear who exactly Mr. McCrary proposes to sue. In the absence of any action by Mr. McCrary showing good cause for an extension of time, and clarification of the person or entity he proposes to sue, the Court will dismiss the claims against the remaining defendant without prejudice under Rule 4(m), without further notice.

It is **ORDERED** that:

1. The defendant Detective Benfield's motion for summary judgment, Doc. 22, is **GRANTED** and all claims against him will be dismissed with prejudice.
2. Judgment will be entered separately as time permits.
3. If within 21 days of the date of this order, Mr. McCrary takes no action to prosecute his remaining claim, fails to show good cause for an extension of time for service, and fails to clarifies the person or entity he proposes to sue, the Court will dismiss the against the remaining defendant named as "Rowan County/Officers – Sheriffs office," Doc. 2 at 2, without prejudice under Rule 4(m), without further notice.

This the 21st day of August, 2026.

UNITED STATES DISTRICT JUDGE